UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re:<br>　　　WILLIAM A. KING,<br>　　　　　*Debtor* | :<br>:<br>:<br>: | Case No.: 15-31192 (AMN)<br>Chapter 7 |
| CITY OF MIDDLETOWN,<br>　　　　　*Movant*<br>v.<br>WILLIAM A. KING,<br>　　　　　*Respondent*<br>Kara S. Rescia,<br>　　　　　*Trustee* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Re:  ECF No. 66 |

## MEMORANDUM OF DECISION AND ORDER GRANTING IN PART MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DENYING RETROACTIVE RELIEF

The City of Middletown, Connecticut ("City") seeks relief from stay on a retroactive basis to cure its admitted violation of the automatic stay.  ECF No. 66.  The debtor here commenced a voluntary Chapter 13 bankruptcy petition on July 15, 2015.  The debtor's case was converted to one under Chapter 7 on October 3, 2019.  ECF No. 57.  On October 11, 2019, the City filed the instant motion (the "Motion") seeking relief from the automatic stay, *nunc pro tunc*, to validate a foreclosure action commenced post-petition on July 10, 2019 against the debtor for unpaid real estate, water, and sewer taxes.  ECF No. 66.  No objections to the motion for relief from stay were filed.  During a hearing held on November 6, 2019 regarding the motion, counsel for the City argued the City made an innocent mistake in violating the automatic stay, and, misunderstood the law and applicable bankruptcy rules.  Beyond this, counsel for the City offered no argument in support of retroactive relief from stay.

The court notes that, "[b]ecause the stay operates as a fundamental protection for all parties affected by the filing of a petition in bankruptcy, retroactive relief is an

extraordinary measure and the circumstances that justify it are likely to be far and few between. Accordingly, it is the offending creditor's burden to demonstrate that its void actions should be validated after the fact …[and] it must show extreme circumstances, with facts both unusual and unusually compelling." *In re Alipio*, 380 B.R. 645, 648–49 (Bankr. D. Conn. 2007)(*citing In re Bright*, 338 B.R. 530, 535 (1st Cir. BAP 2006). While the Second Circuit has not articulated a standard to apply when annulling the automatic stay, courts within this Circuit have considered several factors including: (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) if the debtor has acted in bad faith; (3) if there was equity in the property of the estate; (4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and (7) if the creditor has detrimentally changed its position on the basis of the action taken. *In re Stockwell*, 262 B.R. 275, 281 (Bankr. D.Vt. 2001); *See also, In re Cunningham*, 506 B.R. 334 (Bankr. E.D.N.Y. 2014); *In re Pomerance*, 2011 WL 1403034, at *4 (Bankr.S.D.N.Y.2011).

Here, factors one and two – creditor's notice and debtor's bad faith – weigh against annulling the stay. The City had knowledge of the bankruptcy and participated in the case by filing a proof of claim. *See*, POC 2-1. There is no argument or suggestion that the debtor engaged in any bad faith and there is no history of multiple bankruptcy filings.

Factors three and five weigh in favor of annulling the stay – there is no equity in the property and there are grounds to grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). The Court finds the fourth factor neutral in this analysis as the

property was necessary for reorganization while the case was a Chapter 13 case, but the case has since converted to Chapter 7.

As for factors six and seven – creditor's unnecessary expense and detrimental reliance – the Court is unpersuaded those factors justify granting retroactive relief. If the Court declines to grant retroactive relief, the City may have to re-file its foreclosure action, which may result in added expenses including marshal service fees, filing fees, and attorney's fees. However, compared to the importance of the automatic stay, the Court is unconvinced that these expenses rise to the level requiring the Court grant extraordinary relief. The City's misunderstanding of applicable federal law and the import of the automatic stay does not warrant retroactive relief. Notwithstanding the failure to meet its burden for retroactive relief, the City has shown cause to grant relief from stay pursuant to 11 U.S.C. § 362(d)(1) due to the debtor's lack of post-petition payments, and the debtor has not opposed the relief sought. Accordingly, it is hereby

**ORDERED**: That, the motion for relief from stay, ECF No. 66, is GRANTED IN PART and the automatic stay provided in 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. § 362(d)(1) to permit the City of Middletown, and/or its successors and assignees, to exercise their rights, if any, with respect to real property commonly known as 94 Grove Street, Middletown, Connecticut, in accordance with applicable non-bankruptcy law; and it is further

**ORDERED:** That, the motion is denied to the extent it seeks retroactive, or *nunc pro tunc,* relief.

Dated on November 25, 2019, at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut